JUDGE LYNCH

08 CV 3525

Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

JORGE SANCHEZ on his own behalf and
on behalf of others similarly situated,

    Plaintiff,

-against-

SIGNATURE CLEANING SERVICES, INC.,
and ANDREW WISEBACH, an individual,

    Defendants.

-------------------------------------------------------/

APR 11 2008
U.S.D.C. S.D.N.Y.
CASHIERS

**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

1. Plaintiffs JORGE SANCHEZ (hereinafter referred to as "Plaintiff"), by his attorneys Helen F. Dalton & Associates, PC, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, through undersigned counsel, brings this action against "SIGNATURE CLEANING SERVICES, INC.", and ANDREW WEISBACH, an individual, (collectively, "Defendants") to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at "SIGNATURE CLEANING SERVICES, INC." and ANDREW WEISBACH, at 231 West 29th Street Room 402, New York 10001.

3. Plaintiff JORGE SANCHEZ was employed by Defendants to work as a CLEANING AGENT from 1999 until his employment was terminated on or

about January 4, 2008. Although Plaintiff **JORGE SANCHEZ** worked approximately seventy-four (55) hours or more per week from 1999 until Jan 4, 2008 Defendants did not pay Plaintiff **JORGE SANCHEZ** time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4  As a result of these violations of federal and state labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9  Plaintiff JORGE SANCHEZ residing at 114 St. Nicholas Ave Apt #3R Brooklyn, N.Y. 11237, was employed by Defendants at "SIGNATURE CLEANING SERVICES, INC.", located at 231 West 29th Street Room 402, New York 10001 in Manhattan, New York, from 1999 until Jan 4th 2008.

10. Upon information and belief, Defendant "SIGNATURE CLEANING SERVICES, INC.", is a corporation organized under the laws of New York with a principal executive office located at 231 West 29th street New York, N.Y. 10001.

11. Upon information and belief, Defendant ANDREW WEISBACH, owns and/or operates a company that does business under the name "SIGNATURE

CLEANING SERVICES, INC.", located at 231 West 29th Street Room 402, New York 10001.

12. Upon information and belief, Defendant ANDREW WEISBACH, is the Chairman of the Board of "SIGNATURE CLEANING SERVICES, INC."

13. Upon information and belief, Defendant ANDREW WEISBACH, is the Chief Executive Officer of "SIGNATURE CLEANING SERVICES, INC.",

14. Upon information and belief, Defendant ANDREW WEISBACH, is an agent of "SIGNATURE CLEANING SERVICES, INC.",

15. Upon information and belief, Defendant ANDREW WEISBACH, has power over personnel decisions.

16. Upon information and belief, Defendant ANDREW WEISBACH, has power over payroll decisions.

17. Defendant ANDREW WEISBACH has the power to hire and fire employees at "SIGNATURE CLEANING SERVICES, INC.", establish and pay their wages, set their work schedule, and maintains their employment records.

18. During relevant times, Defendant ANDREW WEISBACH, was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law.

19. On information and belief, "SIGNATURE CLEANING SERVICES, INC.", is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that both entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

20. Plaintiff **JORGE SANCHEZ** was employed by Defendants at "SIGNATURE CLEANING SERVICES, INC.", at 231 West 29th Street Room 402, New York 10001 from about 1999 until, on or about January 4th, 2008.

21. During his employment by Defendants at "SIGNATURE CLEANING SERVICES, INC" Plaintiff's primary duties were to clean offices, clean carpets, strip floors and performing other miscellaneous duties as directed by supervisors and managers. Plaintiff did not have any authority to hire or fire employees.

22. Defendants created a work schedule, requiring Plaintiff **JORGE SANCHEZ** to work well more than forty hours (40) per week.

23. In fact, the schedule created by Defendants required Plaintiff **JORGE SANCHEZ** to work approximately fifty-five (55) hours or more per week from 1999 until January 4th, 2008.

24. At all relevant times, both federal and state law have required Defendants to pay Plaintiffs overtime wages at a wage rate of (1.5) times their regular rate for hours worked in excess of forty hours per week.

25. At all relevant times, Plaintiffs did not receive any tips or bonuses during their employment.

26. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

27. Defendants did not pay Plaintiff for their services and labor at a rate that is one and a half (1.5) times the regular rate, to which Plaintiffs were entitled for all hours worked over forty (40) in a workweek.

28. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

29. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day they worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

30. Defendants willfully violated Plaintiffs' rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

31. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

33. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

34. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

35. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. § 207(a)(1).

36. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

37. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §§216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

40. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of (1.5) times the regular rate, to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3

41. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

### TIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4

44. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1)

### PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully request that judgment be granted:

  a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs s rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

  b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs' prejudgment and postjudgement interest;

e. Awarding Plaintiffs' the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 3rd day of April 2008.

_____
Roman Avshalumov Esq. (RA 5508)
**Helen F. Dalton & Associates, PC**
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE SANCHEZ on his owner behalf and
on behalf of others similarly situated,

        Plaintiff,

-against-

SIGNATURE CLEANING SERVICES, INC.,
and ANDREW WEISBACH, an individual,

        Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

To:

**SIGNATURE CLEANING SERVICES, INC.,**
231 West 29th Street,
New York 10001

**ANDREW WEISBACH, an individual,**
231 West 29th Street Room 402,
New York 10001