UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JORGE SANCHEZ, on his own behalf
and on behalf of others similarly                    :
situated,

                Plaintiff,                    :           **ANSWER**

      - against -
                                                     :           08 CV 3525 (Lynch, J.)
SIGNATURE CLEANING SERVICES,
INC. and ANDREW WEISBACH,
an individual,
                                                     :
                Defendant.
------------------------------------------------------X

       The Defendants, by their Attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Answer to the Subject Complaint, set forth the following:

1. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Subject Complaint.

2. Defendants neither admit nor deny the allegations of Paragraph 2 of the Subject Complaint, as they are not allegations of fact, but rather a prayer for relief.

3. Deny the allegations of Paragraphs 3 and 4 of the Subject Complaint.

4. Defendants neither admit nor deny the allegations of Paragraphs 5-8 of the Subject Complaint as they are not allegations of fact, but rather legal conclusions.

5. Deny the allegations of Paragraph 9 of the Subject Complaint.

6. Admit allegations of Paragraph 10 of the Subject Complaint.

7. Deny the allegations of Paragraph 11 of the Subject Complaint.

435222-1

8. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Subject Complaint.

9. Admit allegations of Paragraph 13 of the Subject Complaint.

10. Defendants neither admit nor deny the allegations of Paragraph 14 of the Subject Complaint as they are not allegations of fact, but rather legal conclusions.

11. Deny the allegations of Paragraphs 15-17 of the Subject Complaint, except to admit that as the Chief Executive Officer of Signature Cleaning Services, Inc. ("Signature"), Andrew Weisbach could exercise power over any and all company decisions. He, however, does not choose to exercise such power on a day to day basis.

12. The allegations of Paragraph 18 of the Subject Complaint are not allegations of fact, but rather legal conclusions. Defendants deny same.

13. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Subject Complaint.

14. Deny the allegations of Paragraph 20 of the Subject Complaint.

15. Admit allegations of Paragraph 21 of the Subject Complaint.

16. Deny the allegations of Paragraphs 22 and 23 of the Subject Complaint.

17. Defendants neither admit nor deny the allegations of Paragraph 24 of the Subject Complaint as they are not allegations of fact, but rather legal conclusions.

18. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Subject Complaint.

435222-1

19. Deny the allegations of Paragraph 26 of the Subject Complaint, except to admit that Plaintiff did, on limited occasions, work more than 40 hours in a particular week.

20. Deny the allegations of Paragraphs 27-30 of the Subject Complaint.

21. With respect to the allegations of Paragraph 31 of the Subject Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

22. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Subject Complaint.

23. Defendants neither admit nor deny the allegations of Paragraphs 33 and 34 of the Subject Complaint as they are not allegations of fact, but rather legal conclusions.

24. Deny the allegations of Paragraphs 35-37 of the Subject Complaint.

25. With respect to the allegations of Paragraph 38 of the Subject Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

26. Deny the allegations of Paragraphs 39-41 of the Subject Complaint.

27. With respect to the allegations of Paragraph 42 of the Subject Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

28. Deny the allegations of Paragraphs 43 and 44 of the Subject Complaint.

435222-1

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. Class Action status is not available where a claim for liquidated damages is made under the New York Labor Law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. New York Wage Orders apply the exemptions of the FLSA, barring, in whole or in part, the prosecution of this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Payment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Some or all of the claims made in the subject Complaint fail to set forth a claim for which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff and the putative class members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA") or a Class Action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. As Plaintiff is not an adequate representative of the putative class, neither a collective nor a class action is appropriate.

435222-1

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36.  The Complaint is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. § 258 (a) and 259 (a), as the Defendants have acted in good faith and in reliance upon applicable regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37.  The Complaint is barred, in whole or in part, because Plaintiff failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38.  The Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

39.  Class certification is inappropriate as common questions of law and/or fact do not predominate among the putative class members and the Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40.  Class certification is inappropriate, as it is not a superior method for adjudicating this controversy.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41.  Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the subject Complaint.

435222-1

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

42. Similarly, a collective or Rule 23 class action is inappropriate vis-à- vis the New York State Law claims, as Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the subject Complaint.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

43. New York Wage Orders apply the exemptions of the FLSA, barring, in whole or in part, the prosecution of this action.

Dated: Mineola, New York
      June 12, 2008

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: _____
Richard M. Howard (RMH-2932)
Attorneys for Defendants
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

435222-1